IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR JOINDER** |
| v. | ) | |
| | ) | Case No. 3:24-cr-61 |
| Jesus Amurahaby Celestin-Ortega, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 3:25-cr-36 |
| Adam Javier Ponce, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The United States moves to join the above cases and Defendants Jesus Celestin-Ortega, Trinidad Meraz, Rafael Bueno-Nava, Christian Gonzales, Martina Mendez, Adam Ponce, and Benjamin Olguin-Ortiz for trial. Doc. 211 in Case No. 3:24-cr-61.[1] Ponce and Olguin-Ortiz do not oppose joinder. Celestin-Ortega, Meraz, Bueno-Nava, Gonzales, and Mendez have not responded to the motion. The motions are granted.

I.   **BACKGROUND**

In April 2024, the grand jury returned an indictment against Celestin-Ortega, Meraz, Bueno-Nava, Gonzalez, Mendez, and others who have since either pleaded guilty or entered into plea agreements. Doc. 2. The indictment alleges Celestin-Ortega led a drug trafficking enterprise from inside a Federal Bureau of Prisons facility. The other Defendants allegedly transported drugs

---

[1] Identical motions appear in both above-entitled cases.

1

and collected money for the organization. Id. The United States later moved to sever Mendez because her whereabouts were unknown. Doc. 89. The Court granted the motion and scheduled trial for the Defendants who had appeared. Doc. 93. Law enforcement later arrested Mendez, and she has since appeared. Doc. 201. Trial is currently set for January 13, 2026. Doc. 203.

In February 2025, the grand jury returned an indictment against additional coconspirators Ponce and Olguin-Ortiz. Doc. 2 in Case No. 3:25-cr-36. That indictment charges Ponce and Olguin-Ortiz with participating in the same drug trafficking conspiracy as Celestin-Ortega, Meraz, Bueno-Nava, Gonzalez, and Mendez. Id. Trial is also set for January 13, 2026. Doc. 28 in Case No. 3:25-cr-36. The United States argues these cases charge the same conspiracy and should be joined for trial to promote judicial economy.

## II.   DISCUSSION

Under Federal Rule of Criminal Procedure 13, "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. "But because Rule 13 provides no independent joinder authority, the court must look to Rule 8(b) to determine 'whether the [G]overnment could have satisfied the requirements of Rule 8 if the charges and defendants had been brought as a single proceeding. If the Rule 8 requirements are not satisfied the matters may not be consolidated.'" United States v. Berganza Espina, No. 4:19-CR-00228, 2021 WL 4941073, at *1 (E.D. Tex. Oct. 22, 2021) (quoting 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Consolidating Indictments and Informations § 217 (5th ed.); and citing United States v. Harrelson, 754 F.2d 1153, 1176 (5th Cir. 1985)). Under Federal Rule of Criminal Procedure 8(b), "The indictment or information may charge 2 or more

defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

"Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). Under that formulation, "rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Ali, 799 F.3d 1008, 1023 (8th Cir. 2015) (cleaned up). The decision to consolidate separate cases for trial is discretionary. United States v. Knowles, 572 F.2d 267, 270 (10th Cir. 1978); United States v. Haygood, 502 F.2d 166, 169 n.5 (7th Cir. 1974).

Ponce and Olguin-Ortiz do not oppose the joinder, and the other defendants did not file a response. "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Crim. L.R. 47.1(E). The Court has also independently reviewed the record and case law and is persuaded that joinder is appropriate on these facts. Ponce and Olguin-Ortiz' trial should be joined with the below-discussed defendants to promote judicial economy and efficiency. United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994) (explaining rules are liberally construed in favor of joinder).

### III.   CONCLUSION

Having considered the record and the parties' filings, the United States' motions for joinder (Doc. 211 in Case No. 3:24-cr-61) (Doc. 31 in Case No. 3:25-cr-36) are **GRANTED**. Pursuant to Rules 8(b) and 13 of the Federal Rules of Criminal Procedure, the two cases are joined and Celestin-Ortega, Trinidad Meraz, Rafael Bueno-Nava, Christian Gonzales, and Martina Mendez are joined with Adam Ponce and Benjamin Olguin-Ortiz for trial. All cases will proceed to trial on July 28, 2026.

**IT IS SO ORDERED**.

Dated this 2nd day of January, 2026.

                                                           */s/ Peter D. Welte*
                                                           Peter D. Welte, Chief Judge
                                                           United States District Court